# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

               Plaintiff,    :    Case No. 1:06-cr-084

                                       District Judge Susan J. Dlott
-  vs  -                           Magistrate Judge Michael R. Merz

SHAWN McDANIEL,

               Defendant.    :

## REPORT AND RECOMMENDATIONS

This criminal case is before the Court upon McDaniel's filing, with the assistance of counsel, a Motion to Correct Sentence under 28 U.S.C. § 2255 (ECF No. 136). Judge Dlott has referred the § 2255 proceedings to the undersigned (ECF No. 137).

The Motion is before the Court for initial review under Rule 4 of the Rules Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

1

**Procedural History**

McDaniel was indicted by the grand jury for this District on June 21, 2006, and charged in four counts: Count One: being a felon in possession of a firearm; Count Two: being a felon in possession of a firearm in a school zone; Count Three: Possession with intent to distribute in excess of five grams of crack cocaine; and Count Four: carrying a firearm in and relating to a drug trafficking offense (ECF No. 2, PageID 2, et seq.). On July 16, 2007, he entered into a Plea Agreement with the United States under which he agreed to plead guilty to Counts Three and Four in return for dismissal of the remaining counts (ECF No. 50, PageID 263, et seq.) The Probation Department prepared a Presentence Investigation Report which was later amended ("Amended PSR") . After reviewing the Amended PSR, Judge Dlott sentenced McDaniel to 140 months confinement on Count Three and a consecutive sixty months confinement on Count Four (Judgment, ECF No. 102). Noting that the imposed sentence represented a sixty-two month downward variance from the Sentencing Guideline range, the court of appeals affirmed. *United States v. McDaniel,* Case No. 10-4186 (6th Cir. Sept. 12, 2011)(unreported, copy at ECF No. 110). On a prior § 2255 Motion, the original sentence was vacated and McDaniel was re-sentenced to 100 months on Count Three and sixty months on Count Four (ECF No. 127). In April 2016 the Court appointed counsel to review the possibility of a new § 2255 motion. The instant Motion followed.

Although this is a second-in-time § 2255 motion, McDaniel does not need permission from the Circuit Court to proceed because this is not a second-or-successive § 2255 motion in that it is based on a claim under Johnson v. United States, infra, which arose after his prior Motion was decided.

## ANALYSIS

In the Amended PSR, the Probation Department recommended that McDaniel be found to be a career offender under U.S.S.G. § 4B1.1 because he was at least eighteen years old, the offense of conviction was a felony that either was a crime of violence or a controlled substance offense, and McDaniel had at least two prior felony convictions for a crime of violence or a controlled substance offense as of the time of the offense of conviction (Amended PSR ¶ 51). The Amended PSR explicitly mentions two felony cocaine cases and a conviction on two counts of aggravated assault. *Id.* at ¶ 52.

Defendant's argument, as the Magistrate Judge understands it, is that McDaniel no longer qualifies as a career offender because the aggravated assault conviction is no longer a qualifying predicate offense under the Sentencing Guidelines. That is because, applying the categorical approach required by Descamps v. United States, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), aggravated assault under Ohio law does not have as a required element the use of violent force (Motion, ECF No. 136, PageID 584-86). Aggravated assault might have qualified under the residual clause of the career offender Guidelines, the argument goes, but the residual clause is unconstitutionally vague in light of *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), where the Supreme Court found the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), to be unconstitutionally vague.

*Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review. *Welch v. United States*, 576 U.S. ___, 136 S. Ct. 1257 (2016); *In re: Windy Watkins*, 810 F.3d 375 (6th Cir. 2015). The Sixth Circuit has held the residual clause of the career

offender Sentencing Guideline to be unconstitutional on the same basis as *Johnson*. *United States v. Pawlak*, ___ F.3d ___, 2016 U.S. App. LEXIS 8798 (6th Cir. May 13, 2016).

Assuming without deciding that McDaniel's argument about Ohio aggravated assault is legally correct, eliminating the aggravated assault conviction does not free McDaniel from the career offender status. U.S.S.G. § 4B1.1 requires two prior convictions for violent or controlled substance offenses. Eliminating the aggravated assault conviction, McDaniel still has a conviction for possession of cocaine, a fifth degree felony, in the Hamilton County Court of Common Pleas on July 23, 1999 (Amended PSR ¶ 74). He also has a conviction for possession of cocaine at the fourth degree felony level on March 23, 2001, also in the Common Pleas Court of Hamilton County. *Id.* at ¶ 81. Then on December 23, 2002, he was convicted of felony level possession of cocaine and trafficking in cocaine, again in the Hamilton County Common Pleas Court. *Id.* at ¶ 83.[1] In other words, putting the aggravated assault conviction to one side, McDaniel has three qualifying predicate convictions and therefore it still properly classified under the Guidelines as a career offender.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the § 2255 Motion be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify

---

[1] McDaniel acquired two more felony controlled substance convictions before he was sentenced in this case. See Amended PSR ¶¶ 88 & 89. They are not counted because qualifying predicate felonies must occur before the offense of conviction.

to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

June 28, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).