# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 1:06-cr-084

                           District Judge Susan J. Dlott
- vs -                Magistrate Judge Michael R. Merz

SHAWN McDANIEL,

        Defendant.    :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This criminal case is before the Court on Defendant's Objections (ECF No. 139) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 138) which recommended dismissing McDaniel's pending Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 136).  Judge Dlott has recommitted the matter for reconsideration in light of the Objections (ECF No. 140). Upon McDaniel's determination to proceed pro se, counsel has been discharged (ECF No. 141).

McDaniel was sentenced, after amendment, to a total of 160 months imprisonment, 100 months for possession with intent to distribute in excess of five grams of cocaine base and a consecutive sixty months for carrying a firearm in relation to a drug trafficking offense.  The sentence was enhanced under the Career Offender Sentencing Guidelines upon a finding by Judge Dlott that McDaniel had at least two prior felony convictions for a crime of violence or a controlled substance offense.

1

The argument made in the § 2255 Motion is that one of the prior felonies counted as a qualifying predicate offense – a conviction for aggravated assault – could no longer be counted because it did not have as a required element the use of violent force. Accepting that position *arguendo*, the Report noted three other qualifying predicate offenses for controlled substances and therefore recommended the Motion be denied.

McDaniel, now proceeding pro se, objects to the counting of his conviction for "simple possession of cocaine." He cites to *United States v. Montanez,* 442 F.3d 485 (6th Cir. 2006).[1] In that case the Sixth Circuit held that

> under the Guidelines, simple possession -- that is, possession without the proof beyond a reasonable doubt of the requisite intent to "manufacture, import, export, distribute, or dispense" -- is not a controlled substance offense. See *United States v. Hernandez*, 218 F.3d 272, 278 (3d Cir. 2000); *United States v. Neal*, 27 F.3d 90, 92 (4th Cir. 1994); *United States v. Casarez-Bravo*, 181 F.3d 1074, 1077-78 (9th Cir. 1999); *United States v. Kissick*, 69 F.3d 1048, 1053-54 (10th Cir. 1995) (collecting cases); *United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir. 1992).

*Id.* at 488. It also found that at the time of Montanez's convictions under Ohio Revised Code § 2925.03(A)(6) and (9):

> (A) no person shall knowingly do any of the following:
>
> (6) Possess a controlled substance in an amount equal to or exceeding three times the bulk amount, but in an amount less than one hundred times that amount;
>
> (9) Possess a controlled substance in an amount equal to or exceeding one hundred times the bulk amount;

---

[1] McDaniel also refers the Court to "*United States v. Frost*," which he says was decided by the Sixth Circuit on March 17, 2009. The only reported case by that name decided by the Sixth Circuit since January 1, 2009, is reported at 521 Fed. Appx. 484 and was decided April 11, 2014, and does not address any of the issues involved in this case.

2

In determining that convictions under those statutes did not qualify under the Career Offender Guidelines, the Sixth Circuit used the categorical approach prescribed by *Shepard v. United States*, 544 U.S. 13 (2005).  It concluded that neither of the two statutes in question in that case included the required elements related to trafficking in drugs. However, McDaniel has presented no proof that his 1999 conviction in the Hamilton County Common Pleas Court was under one of these two statutes or some other statute that merely criminalized possession.  He has likewise presented no evidence of the statutes of conviction for his 2001 or 2002 cocaine felony convictions.

The Report assumed, but only for the sake of argument, that McDaniels' aggravated assault conviction would no longer qualify under the Guidelines as an offense of violence.  If at least two of McDaniels' cocaine convictions were to be disqualified as predicate offenses, then the aggravated assault conviction would have to be examined on the merits.  Aggravated assault is proscribed by Ohio Revised Code § 2903.12(A)(2) which provides that no person shall knowingly cause physical harm to another by use of a deadly weapon or dangerous ordnance. Use of a deadly weapon to cause physical harm to another constitutes the use of "violent force" -- that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010).  McDaniels' prior convictions for aggravated assault are therefore qualifying predicate offenses under the Sentencing Guidelines.

Finally, McDaniels' § 2255 Motion is barred by the one-year statute of limitations for such motions.  His conviction became final when he failed to appeal from the Amended Judgment entered October 18, 2013 (ECF No. 127).  The instant Motion to Vacate was not filed until June 23, 2016.

**Conclusion**

Having reviewed the case in light of the Objections, the Magistrate Judge again respectfully recommends the Motion be DISMISSED WITH PREJUDICE.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 26, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).